Paul Hood, OSB 132271
PO Box 66876
Portland, OR  97290
Telephone: 541-513-7545
paul@paulhoodlaw.com

Attorney for Defendant Joseph Dibee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| UNITED STATES OF AMERICA, | ) | NO.  6:06-cr-60011-AA-1 |
|---|---|---|
| Plaintiff, | ) ) | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR RELEASE FROM CUSTODY** |
| v. | ) ) | |
| JOSEPH DIBEE, | ) ) | |
| Defendant. | ) ) | |

Joseph Dibee, through his attorney, Paul Hood, provides this supplemental memorandum in support of the separately filed Motion for Release from Custody.

The crimes charged in this matter give rise to a rebuttable presumption that no release condition or combination of release conditions will reasonably assure the appearance of the accused and the safety of the community.  18 U.S.C. § 3142(e).  Although the presumption shifts a burden of production to the Defendant, the burden of persuasion remains with the Government.  *United States v Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  The Defendant has met his burden of production.  There is ample support for this Court's ruling of December 13.

First, Mr. Dibee has changed since the time of the allegations. Mr. Dibee's good works were addressed at length in the Defendant's memorandum. At the hearing on December 13, Mr. Dibee spoke in detail regarding his scientific innovations and his pro-environmental and humanitarian reasons for those efforts. The Court found that Mr. Dibee is a "different person" with "enormous skills to provide." Hearing Transcript at 33.

Second, the Government does not dispute that Mr. Dibee twice contacted the Government about surrendering himself to authorities. Mr. Dibee was represented by an attorney in this effort. There were significant discussions, including the leniency statement made by AUSA Kirk Engdall referenced in the Memorandum in Support of Release from Custody and documented by Mr. Dibee's attorney at the time.

Third, in granting pretrial release, the Court specifically referenced the quality of Mr. Dibee's home plan. His sister and brother-in-law are well established in the community and very willing to have him in their home.

Fourth, Mr. Dibee knows he has a lot to lose if he fails to appear or commits a new crime. His good works could help him at any sentencing as a post offense rehabilitation argument. Additionally, he is firmly planted in a category of defendants who did no worse than 60 months at sentencing (and has sixteen months in custody). These favorable points would be lost—and Mr. Dibee knows that—if he failed to appear or re-offended.

Fifth, in the brief time that Mr. Dibee was on pretrial release, he performed extremely well. On Monday, December 16, Mr. Dibee was at the pretrial services office in Seattle by about 7:45 am. On Wednesday, December 18 at about 2:20 pm, the Ninth Circuit issued the Order revoking Mr. Dibee's pretrial release. Undersigned counsel spoke with Mr. Dibee at about 2:53 pm. Mr. Dibee was at the pretrial services office to turn himself back in by about 3:40 pm.

The presumption of detention is a *rebuttable* presumption. Mr. Dibee has rebutted it. The points listed above is not meant to be all-inclusive, but each of them stands without effective rebuttal from the Government. The Government has not met its burden of persuasion. On December 13, the Court heard from undersigned counsel and from Mr. Dibee, assessed the strengths of the arguments, and—perhaps most importantly—the credibility of Mr. Dibee himself. The Court reached the correct conclusion on that date.

DATED this 23rd day of December 2019.   Respectfully submitted,

/s/ Paul Hood
PAUL HOOD, OSB No. 132271
Attorney for Joseph Dibee