MATTHEW SCHINDLER, OSB# 964190
501 Fourth Street #324
Lake Oswego, OR 97034
Phone: (503) 699-7333
E-mail: mas@schindlerdefends.com

ATTORNEY FOR DEFENDANT JOSEPH DIBEE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH DIBEE,<br>　　　　　　Defendant(s). | Case No. 6:06-cr-60011-AA-1<br><br>**DECLARATION OF MATTHEW SCHINDLER IN SUPPORT OF MOTION FOR RELEASE** |

The undersigned, as counsel for Mr. Dibee, does swear under penalty of perjury that the following is true:

1. On June 11, 2020 I was appointed successor counsel to represent Mr. Dibee under the Criminal Justice Act. *See* ECF #322.

2. Mr. Dibee is charged with various federal crimes relating to a series of arsons that took place in the late 1990s and early 2000's. *See* ECF #115.

3. The posture of the case, as well as the underlying facts and circumstances, are well known to the court.

Page 1 – SUPPLEMENTAL DECLARATION OF MATTHEW SCHINDLER IN SUPPORT OF MOTION FOR RELEASE

4. This second supplemental declaration augments Mr. Dibee's now pending motion for release. It sets forth material information that became known to counsel since filing ECF #373 on December 30, 2020.

5. Since December 30, 2020 various members of the defense team have requested to speak to Mr. Dibee through the attorney-client phone at Inverness Jail. Between defense investigators and I, there have been at least 15 attempts to contact Mr. Dibee where we are told to call back later and then were unable to reach him or allowed to speak only for a few minutes. Up January 6, 2020, Mr. Dibee was restricted to walks of no more than 15 minutes. We have been unable to accomplish anything substantive on the case with him as a result.

6. The limitations placed on us by the situation have already compromised the attorney-client relationship in a profound way. Defense investigator Howell was in the middle of reading Mr. Dibee my first declaration (ECF #373) when the jail terminated the call because 15 minutes had expired. Mr. Dibee had only heard the first half of the declaration. As a result, he spent the next two days in desperate fear that he had exposed someone at the jail and caused them harm. Because we could not reach him, he spent the next 48 hours angry with me and disappointed that I

did not share with him the document before it was filed as I had promised. He spent that time afraid that this person at the jail would be retaliated against and something terrible would happen to them or him. When we were finally able to reach him and read the entire document to him, he understood that there was no issue, nevertheless this small interruption of critical attorney-client communication damaged our relationship.

7. We contacted the Multnomah County Sheriff's office to determine whether we could establish a means for Mr. Dibee to safely review the discovery in Multnomah County Inverness Jail. We proposed leaving them a laptop with all Internet capability disabled and containing only relevant discovery in the case. We would absolve them of any liability associated with this inexpensive machine. Since there are nearly no contact visits taking place at the jail, we proposed Mr. Dibee would be placed in the locked contact visiting room with the machine and allowed to review discovery on his own. The jail refused. It did not want the precedent it might establish for other inmates.

8. The only option the jail offered was for us to risk our lives by entering a building where no one is following appropriate protocols to sit in a

sequence of locked rooms before we are locked in a room with Mr. Dibee.

9. I received credible information from a senior employee of the jail that management there have for months refused to comply with basic coronavirus precautions mandated by the County Department of Health. Because of this neither I nor any member of the defense team will be entering the building until we are vaccinated.

10. If having a member of the defense team sit in a locked room that has no ventilation is just barely large enough to be 6 feet away from Mr. Dibee is the only alternative available to him to exercise his basic constitutional rights to see the evidence against him and to have meaningful access to counsel, then it will be necessary for the Court to find other counsel for Mr. Dibee. I cannot accept the liability of sending defense team members into that building nor will I risk my livelihood and health for any defendant or any case. It is also not possible to provide effective assistance of counsel and adequately prepare for trial of this complexity within these limitations.

11. The very way this hearing will be conducted is a violation of Mr. Dibee's rights. I will have no capacity to confer with him privately during this hearing. If he wants to confidentially say something to me

or ask me a question, he cannot. In order for him to simply appear by video and have the Court see the sorry state to which his health has been reduced by the government's negligence, he has to risk his life being dragged through two jails besides Inverness, one of which is not following coronavirus protocols either. This fails to satisfy the Sixth amendment right to counsel or the right to due process.

12. Mr. Dibee remains seriously ill despite being told by medical at the jail that he is "cured" of coronavirus. I can tell from the many hours we have talked that he has significantly limited respiratory capacity. When he speaks, he is struggling for breath and yet the jail has proclaimed him free of disease and ready to go back into whatever unit they determine is appropriate. When I asked Mr. Dibee about the chest x-ray that would be necessary to exclude the possibility of pneumonia, Mr. Dibee laughed and told me there was no x-ray, they listened to his chest with a stethoscope for 10 seconds. He continues to be denied adequate medical care despite the extensive efforts of Court to assure such care.

Respectfully submitted under penalty of perjury on January 7, 2021.

                *s/Matthew Schindler*
                Attorney for Joseph Dibee, OSB#964190