IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


UNITED STATES OF AMERICA,

Case No. 6:06-cr-60011-AA
**ORDER AND OPINION**

v.

JOSEPH DIBEE,

      Defendant,

_____

AIKEN, District Judge:

Now before the Court is defendant Joseph Dibee's third motion for release from custody pending trial. Doc. 341. For the reasons set forth below, the motion is GRANTED.

## PROCEDURAL BACKGROUND

This is the third time that defendant has requested pretrial release before this Court, with his previous requests ultimately being denied on January 29, 2020 and

April 24, 2020.  Docs. 286 and 314.  The procedural and factual background of this case are covered extensively in the Court's previous orders.

When considering defendant's previous motions for release, this Court found that the rebuttable presumption in favor of detention as outlined by 18 U.S.C. § 3142(e)(3) applied in this case but that defendant had proffered evidence to rebut the presumption in favor of detention.  The Court found that the government had not met its burden of persuasion by clear and convincing evidence that defendant posed danger to the community.  Docs. 286 and 314.  The Court did find that the government had met its burden of persuasion by a preponderance of evidence that defendant posed a flight risk and that no condition or combination of conditions would reasonably assure his appearance as required.  *Id.*  Accordingly, after considering all the statutory factors and the presumption in favor of detention, the Court found that detention remained appropriate.

Since denying those motions, the Court held multiple hearings to discuss the state of discovery, representation issues, and to ensure defendant was receiving adequate medical care for an injury suffered while incarcerated.  On June 23, 2020, defense counsel, Paul Hood, withdrew from representation in this case.  Doc. 327.  In anticipation of that withdrawal, Criminal Justice Act panel attorney, Matthew Schindler was appointed to represent defendant in this matter on June 11, 2020.  Doc. 322.  Defendant then filed his most recent motion for release on September 11, 2020.  Doc. 341.  The Court heard argument on the motion on October 20, 2020.  Doc. 357.  The defendant and his sister, Dr. Maha Coles, offered testimony at the hearing.  On

December 22, 2020, the Court learned that defendant had contracted COVID-19 after being moved out of the medical unit at Inverness Jail in Multnomah County. The Court held an additional hearing to discuss release conditions on January 8, 2021.

## LEGAL STANDARD

The Bail Reform Act governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id.*

When, as here, there is probable cause to believe that the defendant has committed an offense identified under 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

If a defendant proffers evidence to rebut the presumption in favor detention, a court can then consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.

The presumption is not erased when a defendant proffers evidence to rebut it. Instead, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.*; citing *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir.1986).

## DISCUSSION

In his latest, and most expansive motion, defendant offers new arguments and evidence as to why he does not present a risk of flight as well as arguments regarding his inadequate medical care and inability to prepare for trial. Defendant also complains at length about the performance of his previous counsel, discovery issues, the merits of certain charges, and his initial detention in Cuba and subsequent extradition to the United States. While some of these later allegations are concerning, they are not relevant to the present inquiry. "In assessing a motion to

detain a defendant pending trial, a district court must conduct an individualized evaluation that is guided by the factors articulated at 18 U.S.C. § 3142(g)." *Hir*, 517 F.3d at 1087.  Defendant proposes that he be released to live with his sister, Dr. Coles, in Washington, where he will quarantine for fourteen days.  He would then move in with his father, Khalil Dibee after completing his quarantine.

The government correctly notes that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).  Here, the Court finds that defendant has submitted information material to the determination of release which was not known at initial detention hearing. *United States v. Bowens*, 2007 WL 2220501, at *1 (D. Ariz. Jul. 31, 2007).  Accordingly, it is appropriate for the Court to consider the present motion.

The Court next recognizes that the rebuttable presumption in favor of detention as outlined by 18 U.S.C. § 3142(e)(3) applies here.  The Court further finds, as it has previously, that defendant has offered evidence to rebut the statutory presumption.  The Court now examines the factors outlined in 18 U.S.C. § 3142(g) to determine whether the detention standard has been met.

/ / /

/ / /

/ / /

Page 5 – ORDER AND OPINION

I.      *18 U.S.C 3142(g) Factors*

A.      *Nature and Circumstances of the Offense Charged*

The Court has repeatedly held that the defendant's alleged conduct was undeniably dangerous.  *See* Doc. 286 and 314.  The Court finds that this factor weighs in favor of detention.

B.      *The Weight of the Evidence Against Defendant*

Once again, the Court finds that this factor also weighs in favor of detention. *Id.*  However, this factor carries the least weight of any factors. *U.S. v. Motamedi*, 767 F.2d. 1043, 1048 (9th Cir. 1985).

C.      *History and Characteristics of the Person*

The Court has extensively considered defendant's history and characteristics. *See* Doc. 286 at *7-9.  While not repeating what was written previously, it remains true that defendant fled the country when alerted to the investigation into these alleged crimes.  He then remained abroad for over a decade, living first in Syria, and then Russia where he married his current wife.  It is likely that defendant would not have returned to the United States if not for his detention in and subsequent extradition from Cuba.  These facts still concern the Court.

However, the Court is persuaded that this factor now favors release.  First, defendant notes that both his Syrian passport and Russian residency paper are now expired and travel out of the country would be practically impossible.  Further, at oral argument, defendant offered testimony that it would be difficult for him to return to Russia and that he has no economic prospects there.

Defendant also argues that he has realized after his detention in Cuba that the only way to put these charges behind him is to resolve this case. The Court finds his testimony on this point credible. Further, given the amount of time he has already served in pretrial custody, it would not be in his interest to abscond should he be found guilty of these charges.

Since the Court considered the previous motions, defendant has also continued to suffer unresolved health issues. Following an attack by another inmate in late 2019, defendant required surgery repair his jaw. He was then unable to obtain necessary physical therapy, despite this Court's best efforts to ensure he received it. New surgeries are now required to address this issue. This injury continues to affect defendant's ability to eat and communicate, and his health has subsequently declined. Following his return from surgery, this Court had expressed its desire that defendant continue to be held in the medical unit at Inverness Jail for his protection unless all beds were needed by other inmates. Nevertheless, jail officials recently moved defendant to protective custody in another part of the jail. Shortly thereafter, defendant contracted one of the first reported cases of COVID-19 at Inverness Jail.

Finally, new information has come to light regarding defendant's father, Khalil Dibee. In August of 2020, defendant's sister learned that their father was suffering from terminal severe dementia. The elder Mr. Dibee is not expected to recover and providing care for him has been extremely difficult for the family. Defendant and his sister testified that he would be the best and most culturally appropriate person to

provide care for his dying father.   The Court finds defendant's testimony about his commitment to providing care for his dying father highly credible.

Finally, the Court notes that defendant was briefly released when the Court initially granted his first motion for release.  However, the Ninth Circuit reversed that decision and remanded the case for further consideration.  Upon reconsideration, the Court denied the motion.  However, during the short time that defendant was released to live with his sister, he was compliant with the terms of his release and following the Ninth Circuit's order, he surrendered himself to the U.S. Marshals to be taken back into Custody.  The Court finds this also supports his argument that he does not pose a risk of flight.

This factor remains a close question.   However, the given the more recent information regarding defendant's inability to travel or return to Russia, his desire to see this case to resolution, the need for him manage his medical conditions, and his commitment to care for his dying father, the Court finds that this factor weighs in favor of release.

D.    *Nature and Seriousness of the Danger to Any Person or the Community*

The Court finds again that this factor weights in favor of release.  There is no evidence showing that defendant presents a danger to the community.   Defendant has not engaged in any dangerous criminal conduct since 2001.  While living abroad he worked as an academic and entrepreneur and has demonstrated that he has tried to rehabilitate himself from period in his life when the offense conduct allegedly occurred.

E.      *Weighing Factors and Presumption of Detention.*

Considering the evidence presented by the parties and testimony offered by the defendant, the Court finds that defendant has rebutted the presumption in favor of detention.  The Court still considers the presumption as a factor weighing in favor of continued detention.  The Court finds, as it has previously, that the government has failed to meet its burden of persuasion by clear and convincing evidence that defendant poses a danger to the community.  There is no evidence that defendant has engaged in violent activity since the alleged offense conduct which ended in 2001.  Moreover, after assessing the credibility of defendant based on his colloquy with the Court at oral argument on this motion and his first motion for release, the Court finds that he does not pose a danger to the community.

While there are some flight risk concerns in this case, the government has not met its burden by a preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance as required.   Although defendant avoided facing these charges for many years, after considering all the evidence before it, including his current family ties to the area, the Court is reasonably assured that with appropriate reporting requirements and GPS monitoring, defendant will appear at future hearings.  This case has presented a somewhat close question, but the Court is also mindful that doubts regarding the propriety of release should be resolved in the defendant's favor.  *United States v. Gebro*, 948 F.2d at 1121.

/ / /

*II.    18 U.S.C. § 3142(i)*

Even the if the Court did not find that the government failed to meet its burdens in this case, 18 U.S.C. § 3142(i) would compel the release of the defendant here.   Section 3142(i) provides that a court may temporarily release a detained defendant not only if "such release is necessary for preparation of the person's defense," but also "for another compelling reason." See 18 U.S.C. § 3142(i). A defendant bears the burden of establishing circumstances warranting temporary release pending trial under both prongs of § 3142(i). *See United States v. Terrone*, 454 F.Supp.3d 1009, 1017-18 (D. Nev. Apr. 10, 2020); *United States of Am. v. Ryan*, 445 F.Supp.3d 707, 708-09 (C.D. Cal. Apr. 14, 2020) (noting defendant must show "that his medical condition presents 'compelling reasons' for temporary release" under § 3142(i)).

"Courts considering whether pretrial release is necessary under § 3142(i) have considered: (1) time and opportunity the defendant has to prepare for the trial and to participate in his defense; (2) the complexity of the case and volume of information; and, (3) expense and inconvenience associated with preparing while incarcerated." *United States v. Terrone*, 454 F.Supp.3d at 1018. (internal citations and quotation marks omitted).

Defendant was arrested on August 9, 2018.  Nearly two- and one-half years have passed, yet he has been to be unable to complete even an initial review of discovery in this case.  Defendant has been clear in his requests that he be able to examine the evidence against him, which is his right.  This Court has held numerous

hearings to solve problems with defendant's access to discovery materials. He has been unable to listen to recordings on mp3 devices or have access to laptop for document review. With the onset of the COVID-19 pandemic as well as the civil unrest in Portland, Oregon in the Summer of 2020, he has been unable to effectively communicate with this counsel in person either at the Inverness Jail or the Federal Courthouse in Portland. The Court has also been recently informed that jail officials have again refused defendant access to a laptop, even one with no internet capabilities, and it appears that the only practical option for reviewing discovery is for the defense legal team to come to him at Inverness Jail where there has been a recent COVID-19 outbreak. Defense counsel also attested that he has been unable to reach the defendant for more than a single 15-minute phone call since he contracted COVID-19 at the end of December.

This case is also undoubtedly complex. It is distinct from many other cases before the Court, given the sheer volume of discovery and complex legal issues involved. Approximately two decades have passed since the alleged criminal conduct, and there are thousands of pages of discovery to be unearthed, reorganized, and reviewed by defendant. Almost all the numerous co-defendants in the case have been convicted and sentenced. Indeed, discovery review in this case is not limited to document review. There are numerous audio interviews with other co-defendants and witnesses to which defendant wishes to listen. This is essentially impossible if defendant lacks access to electronic equipment which would allow him to do so.

Finally, the costs associated with preparing his defense while incarcerated have also grown untenable. Many hours have been billed by the defense investigation team simply to read documents to defendant. Numerous factors have contributed to these issues, however, after over two years, dozens of hearings, and multiple requests to jail officials, the Court finds that defendant has met his burden in showing that release is necessary for him to adequately prepare his defense in this matter.

## CONCLUSION

For the reasons set forth above, defendant's Motion for Release from Custody (doc. 341) is GRANTED. Any travel documents belonging to defendant, including passports and residency documents, shall be surrendered to U.S. Pretrial Services. Defendant shall be released to live with his sister pending a negative COVID-19 test. Following completion of a quarantine, he will be allowed to live with his father to provide him with care. Defendant shall be subject to GPS monitoring and home confinement, except that he shall be allowed to attend personal medical appointment and medical appointments with his father. Computer monitoring software shall be installed on defendant's phone and computer.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 12 – ORDER AND OPINION

The Court shall set forth all specific conditions of release in a separate order, which shall be subject to review at the Court's next status conference. Finally, the Government is no longer obligated to file weekly status reports on defendant's in-custody condition.

IT IS SO ORDERED.

Dated this  8th day of January, 2021.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge

Page 13 – ORDER AND OPINION