SCOTT ERIK ASPHAUG, OSB #833674
United States Attorney
District of Oregon
**QUINN P. HARRINGTON, OSB #083544**
Assistant United States Attorney
Quinn.Harrington@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 6:06-cr-60011-AA-001 |
| v. | **RESPONSE IN OPPOSITION TO MOTION TO COMPEL DISCOVERY** |
| **JOSEPH DIBEE,** | |
| **Defendant.** | |

Defendant filed a motion to compel additional discovery prior to sentencing. He seeks discovery related to thirteen specified categories. However, this discovery has either already been provided, does not exist, or is not required to be disclosed. Moreover, his requests are based on mere conjecture. The government has complied with its discovery obligations. Defendant has not met his burden to compel any additional information. The Court should deny defendant's motion.

I.   **Factual Background**

Defendant received the same access to discovery that his numerous co-defendants received in this case. The government produced several thousand pages of additional information

to defendant (under the Bates series DIBEE_00001-DIBEE_0004245). The government has also responded to defendant's discovery letters, some of which cover the same territory as requested in this motion, and met with counsel on multiple occasions to address discovery issues. *See* Gov't Exhibit 1.[1]

On December 27, 2021, defendant sent his last letter with discovery requests. ECF No. 450-1 at 21. However, before the government formally responded, the parties engaged in mediation and successfully resolved this case pursuant to a plea agreement. On April 21, 2022, defendant entered a plea of guilty in open court.

Defendant now files a motion to compel discovery seeking some of the same discovery for sentencing purposes. ECF No. 450. The motion does not distinguish between the government's discovery obligations pre- and post-plea. *Id*. Rather, defendant vaguely speculates that the sought-after discovery is material to the Court's sentencing discretion. He supposes that "because the universe of information the Court can consider when exercising sentencing discretion is vast, the materiality of the discovery [he] seeks should be apparent." *Id*. at 5-6. He posits that certain information is "obviously material" without explaining how. *Id*. at 6. He suggests that "[*i*]*f* the government [acted a certain way] that information is obviously capable of affecting [his] punishment," without citing a basis for any such belief. *Id*. (emphasis added). He similarly speculates "[*i*]*f* the government [had certain knowledge], that *could* affect the Court's sentencing discretion," without further explanation. *Id*. (emphasis added). He broadly asserts that "[t]he same is true for every category of discovery" for which he seeks compulsion. *Id*.

/ / /

/ / /

---

[1] Certain sensitive information has been redacted from the letters that have been filed.

**Response in Opposition to Motion to Compel Discovery**                                              Page 2

Defendant's motion—based on pure conjecture—falls far short of meeting his burden to compel production. The Court should deny his motion.

## II.     Discovery Standards

As a general matter, there is no constitutional right to pretrial discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Nor is a criminal defendant entitled to rummage indiscriminately through the government's entire criminal case file. *United States v. Bagley*, 473 U.S. 667, 675 (1985); *accord United States v. Agurs*, 427 U.S. 97, 106 (1976) ("there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor"); *see also In re United States*, 398 F.3d 615, 618 (7th Cir. 2005) (per curiam) (applying deliberative process privilege to intra-office communications among prosecutors leading up to charging decisions). Pretrial discovery is governed by Rule 16, the Jencks Act, and *Brady* and its progeny.

However, this case is no longer pending trial. Defendant seeks compulsion of discovery to use in arguing sentencing discretion. He cites no authority imposing a duty of discovery under this posture.

### A.     Rule 16 Material in General

Rule 16(a)(1)(E) requires discovery of documents and objects only when three conditions are met: (1) the item is within the government's possession, custody, or control; (2) the item is material to preparing the defense; and (3) the government intends to use the item in its case-in-chief at trial.[2]

/ / /

---

[2] The Rule also requires discovery when the item was obtained from or belongs to the defendant; that is not at issue here.

**Response in Opposition to Motion to Compel Discovery**                                         **Page 3**

To obtain discovery under Rule 16(a)(1)(E), the defendant must make a prima facie showing of materiality. *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984). Materiality, usually considered in hindsight, is established when "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *Cone v. Bell*, 556 U.S. 449, 470 (2009). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). This showing must include "case-specific facts." *United States v. Santiago*, 46 F.3d 885, 894-95 (9th Cir. 1995).

    B.    *Brady* Material in General

It is well-established that the government must disclose evidence which is both favorable to the defendant and material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Brady*, however, does not require the disclosure of "everything known by the prosecutor." *Agurs*, 427 U.S. at 106. And "mere speculation" about the contents of the files is not sufficient to give the defense access to the government's files under *Brady*. *United States v. Michaels*, 796 F.2d 1112, 1116 (9th Cir. 1986). Moreover, *Brady* does not require the government "to gather information or conduct an investigation on the defendant's behalf." *United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002); *see also United States v. Sedaghaty*, 728 F.3d 885, 916-17 (9th Cir. 2013) (rejecting a defense argument that the government should have used its MLAT authority to gather exculpatory evidence).

*Brady* requires disclosure only of items under the control of the government. *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991); *United States v. Gatto*, 763 F.2d 1040, 1049 (9th Cir. 1985). When defendant has enough information to be able to ascertain the supposed

**Response in Opposition to Motion to Compel Discovery**    **Page 4**

*Brady* material on his own, there is no suppression by the government. *United States v. Dupuy*, 760 F.2d 1492, 1501 n.5 (9th Cir. 1985) (citation omitted).

      C.      <u>Rule 16 and *Brady* at Sentencing</u>

Requests for discovery fall outside the scope of Rule 16(a)(1)(E) if a defendant is "not seeking the discovery to aid in the preparation of his defense," but is "attempting to obtain the discovery for the purpose of gathering materials to support various sentencing arguments." *United States v. Pirosko*, 787 F.3d 358, 367–68 (6th Cir. 2015); *see also United States v. Randall*, 2020 WL 4194003, at *5 (D. Nev. July 20, 2020) (addressing Rule 16(b) but discussing broader Rule 16 landscape); *United States v. Worthing*, 2018 WL 10322025, at *1 (N.D. Cal. Mar. 2, 2018) (quoting *Pirosko,* 787 F.3d at 367–68); *cf United States v. Kratzberg*, 2021 WL 4147313, at *2 (E.D. Cal. Sept. 13, 2021) (upholding magistrate judge's discovery order at sentencing because "[n]o controlling precedent suggests her reading was mistaken or improper"); *United States v. Carucci,* 183 F.R.D. 614, 615 (S.D.N.Y. 1999) (compelling discovery under Rule 16(a)(1)(A) in the "somewhat unusual" circumstance of defendant having reserved the right to seek a downward departure on the basis of a diminished mental capacity and defendant sought agent notes of his own statements made in an interview that related to this departure).

*Brady* holds plainly that evidence is discoverable where the evidence is material to punishment. *Brady v. Maryland*, 373 U.S. at 87. Information that directly undermines a sentencing enhancement may be material. *United States v. Severson*, 3 F.3d 1005, 1012-13 (7th Cir. 1993) (remanding the defendants' sentences to the district court for further fact-finding on new Brady evidence and its application to the obstruction of justice increase). The government is not aware of any case applying *Brady* to information that obliquely relates to the broad discretion of a sentencing court, and defendant has cited none.

### III.   Argument

#### A.   Defendant's Motion Should Be Denied in Full Because He Has Offered Only "Conclusory Allegations of Materiality"

Defendant has not met his burden to compel the requested information. Defendant offers only conclusory allegations of materiality. Moreover, his argument swallows the materiality requirement whole. He says the information is material because the universe of sentencing discretion is vast—but that replaces the "materiality" standard with a "possibly relevant" one: if the information *might* relate to the Court's unlimited sentencing discretion, it must be produced. That is not what Rule 16 or *Brady* say.

His arguments are belied by his own vague and speculative language. It is not enough to say that information is "obviously material" or that it "could" affect the sentencing. ECF No. 450 at 6. He must explain why and how. He has not done so. He has offered no more than conclusory statements of mere speculation.

Furthermore, defendant's argument flips on its head the Rule 16 precondition that the information be used by the government in its case-in-chief. The government does not plan to use any of the requested information in its case-in-chief at sentencing. Rather, defendant is fishing for possible arguments to use in his own case-in-chief on sentencing discretion. Beyond that, as discussed below, much of the information either does not exist, or is not in the prosecution team's possession, custody or control. Defendant's motion should be denied.

#### B.   Alternatively, Each Specific Request Should Be Denied

Without waiving the argument that defendant has not met his burden and has offered only conclusory, speculative statements, the government provides the following additional information in response to each request to assist the Court in resolving this motion expeditiously.

**Response in Opposition to Motion to Compel Discovery**                                     **Page 6**

      i.      **Request 1:** A complete accounting of all money or other benefits the government provided to all cooperating defendants and informants involved in this investigation.

The government does not plan to produce additional information in response to this request. Defendant pled guilty pursuant to a plea agreement and thus no trial or testimony was presented as part of the guilt phase. There is no possible materiality to this information beyond impeachment at sentencing, but the government will not be calling any cooperating defendants or informants at sentencing. Defendant is not entitled to this information.

      ii.      **Request 2:** All information about warrantless interception of electronic communications involving Mr. Dibee or his alleged co-conspirators including whether either was used to obtain a warrant from the FISA Court.

The government will not produce additional information in response to this request, because no such information exists in this investigation. The government already told defendant that no such information exists in a July 27, 2020, response to the same request. Doc. 450-1, p. 25. The attached declaration from the case agent similarly notes that there were no warrantless interceptions of electronic communications in this investigation. Because there were no such interceptions, the request for "all information about warrantless interception of electronic communications . . . including whether either was used to obtain a warrant from the FISA Court" is moot.

      iii.      **Request 3:** All communications between the United States and Cuba regarding Mr. Dibee's arrest in Cuba, his detention there, and his return to the United States after an arrest warrant was served on him by the United States in Cuba.

The government does not plan to produce additional information in response to this request.

/ / /

**Response in Opposition to Motion to Compel Discovery**          **Page 7**

First, the requested information is not in the possession of the prosecution team. Communications between the United States and Cuba are within the purview of the Office of International Affairs ("OIA") and the Department of State. These entities are not part of the prosecution team. *United States v. Loera*, 2017 WL 2821546, at *7 (E.D.N.Y. June 29, 2017) ("State and OIA are aligned in neither intent nor purpose with the prosecution team. State and OIA are operating with different goals and considerations in mind than the prosecution team, and nothing supports imputing common possession across these agencies based on bare assertions of contact"); *United States v. Alshahhi*, 2022 WL 2239624, at *26 (E.D.N.Y. June 22, 2022). Neither OIA nor the Department of State were involved in investigating or prosecuting defendant, and the prosecution team in this District had no substantive communication with either of those entities in its prosecution of this case. The prosecution team did communicate with OIA and/or State on administrative and logistical matters, such as apprising OIA of the charges and offering to obtain legal process, and relaying logistics of capture and return. Those limited mistrial communications do not scoop OIA or the State Department into the fold of the prosecution team.

Defendant's speculation that the United States could have been aware of alleged mistreatment by Cuban authorities is nothing but conjecture and is not grounds to compel a fishing expedition. The attached declaration shows that the FBI has no knowledge of any alleged mistreatment. To the contrary, the FBI brought a SWAT medic to conduct a medical exam before defendant's departure, to ensure that defendant was healthy enough to fly and to specifically document any injuries he may have suffered while being detained in Cuba. Other

/ / /

/ / /

than insect bites, there were none.[3]  That report was produced in discovery in May of 2019. DIBEE_00020-24.

Finally, undersigned counsel reviewed internal FBI emails regarding the transport from Cuba. None of those emails contained any discussion of any alleged mistreatment of defendant. The communications were planning in nature.

Defendant is free to argue that the Court should consider in its discretion that he was (allegedly) mistreated by Cuban authorities. While the government may disagree with the defendant's premise and oppose a sentence reduction on this basis, it does not contest that he can make the argument. He is not, however, entitled to communications between non-prosecution team government officials and a foreign government.

Although not responsive to this specific request, the government is producing additional documents. The FBI medical examiner also took photographs of defendant that the government is producing. DIBEE_0004262-82. The government previously produced a translation of a Cuban record documenting defendant's medical condition and interview while in custody in Cuba. DIBEE_00025. That document noted that he was "healthy and without psychiatric problems." The government is producing the original Spanish version of that document for completeness. DIBEE_0004283-92.

      iv.    **Request 4:** Video taken by US Government personnel before and during the service of an arrest warrant on Mr. Dibee in Havana, Cuba.

The government will not produce additional information in response to this request, because the information sought does not exist. As noted in the defendant's letter, the government

/ / /

---

[3] The exam notes state that defendant claimed Cuban officials withheld water from him, DIBEE_00024, but his vital signs and exam showed no signs of distress, DIBEE_00021.

**Response in Opposition to Motion to Compel Discovery**          **Page 9**

already responded to this request on July 27, 2020, noting that no such video exists. Doc. 450-1, p. 24. The attached declaration provides additional detail that no United States personnel took video and that the United States has no access to any video that may have been taken by Cuban officials.

      v.    **Request 5:** Disclosure of monies paid by the United States to Cuba related to Mr. Dibee.

The government will not produce additional information in response to this request, because the information sought does not exist. As noted in the defendant's letter, the government already responded to this request on July 27, 2020, noting that no such payments exist. Doc. 450-1, p. 24. The attached declaration again notes that no such payments were made.

      vi.    **Request 6:** Aircraft registration number of the jet utilized to transfer Mr. Dibee from Cuba to the United States.

      vii.    **Request 7:** Flight plan filed in connection with the international roundtrip flight from the United States to Cuba transferring Mr. Dibee back to the United States.

      viii.    **Request 8:** The identity of the federal agency employing the personnel onboard the aircraft when Mr. Dibee was brought back to the United States from Cuba. All names of the personnel involved.

The government does not plan to produce additional information in response to these requests.

The government already produced in discovery the following documents that relate to these requests: An FBI FTOC Log documenting the flight including its takeoff and landing times as well as an FD-302 documenting the same (DIBEE_00001 and DIBEE_00016) and defendant's medical examination determining that defendant was medically fit for the flight to the United States (DIBEE_00020). The other information has no bearing on any issue at sentencing.

**Response in Opposition to Motion to Compel Discovery**          **Page 10**

   ix.  **Request 9:** The identity of the federal agency and the names of the American agents who conducted Mr. Dibee's immigration inspection and interrogation in San Salvador, El Salvador.

The government will not produce additional information in response to this request, because the information sought does not exist. The attached declaration notes that no United States employees were involved with defendant at the San Salvador airport.

   x.  **Request 10:** Any documents that relate to establishing an American presence at the airport in San Salvador, El Salvador including any documents containing information relating to Mr. Dibee. Mr. Dibee requests the source and author of the PowerPoint at DIBEE_0000034-0000046.

The government will not produce additional information in response to this request, because the information sought does not exist. Further, the PowerPoint is from El Salvadoran officials as noted in a previously provided FD-302 at DIBEE_0000047.

   xi.  **Request 11:** All correspondence between the Office of International Operations and the Legal Attaché relating to Mr. Dibee's attorney's contacts with the United States.

   xii.  **Request 12:** All correspondence between the United States and any law enforcement agency in Finland regarding information provided by Mr. Dibee.

Although the defense makes no effort to establish materiality for this request, the government is producing one additional document. The government already provided a report of a prior attorney for defendant contacting the FBI in 2011 seeking to provide a tip on behalf of defendant. DIBEE_0000029. The government also provided a document showing that the tip was not actionable. DIBEE_0000031. Consistent with that prior production, the government is also producing with this response an FBI document summarizing defendant's contact with Finland where he demanded full immunity from any prosecution as well as other conditions in exchange for the information. DIBEE_0004246-58. As with the prior efforts by defendant, the document

**Response in Opposition to Motion to Compel Discovery**         Page 11

shows that Finland was uninterested in continuing communication with defendant. DIBEE_0004247.

Any further discovery of correspondence between OIA and defendant's attorneys, and between the United States and Finland, is not discoverable because it is not in the possession, custody, or control of the prosecution team; is not material; and is not being used by the government in its sentencing case-in-chief.

        xiii.      **Request 13:** A copy of the FBI's 10 most wanted list showing Mr. Dibee.

The government will not produce additional information in response to this request, because the information sought does not exist. As noted in the attached declaration, defendant was never on the FBI's Ten Most Wanted List. The FBI website has a history of individuals on the Ten Most Wanted List and defendant does not appear on that page. *See* FBI Ten Most Wanted History Pictures, https://www.fbi.gov/wanted/topten/topten-history.

However, defendant did appear at one time on the FBI's separate list for most wanted in the Terrorist section, as noted in the attached declaration. The last remaining fugitive in this case, Josephine Sunshine Overaker, remains on a list on the FBI website at https://www.fbi.gov/wanted/dt. As a result of defendant's capture, he is no longer on the list, but a copy of the notice appears at https://www.fbi.gov/news/stories/eco-terrorist-surrenders. The government is also producing a copy of that wanted poster. DIBEE_0004260-61.

/ / /

/ / /

/ / /

/ / /

/ / /

**Response in Opposition to Motion to Compel Discovery**                                                                 **Page 12**

IV.     Conclusion

Defendant has not made a showing that he is entitled to any of the material sought for purposes of sentencing. The motion should be denied in full.

Dated: July 14, 2022                                Respectfully submitted,

                                                    SCOTT ERIK ASPHAUG
                                                    United States Attorney

                                                    */s/ Quinn P. Harrington*
                                                    QUINN P. HARRINGTON, OSB #083544
                                                    Assistant United States Attorney