IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:06-cr-60011-AA |
| | **OPINION & ORDER** |
| Plaintiff, | |
| vs. | |
| JOSEPH DIBEE, | |
| Defendant. | |

AIKEN, District Judge:

On April 21, 2022, Defendant Joseph Dibee entered a plea of guilty to certain counts of the Second Superseding Indictment pursuant to a plea agreement with the Government. ECF Nos. 430, 431, 432. Sentencing is set for November 1, 2022. ECF No. 465. On June 23, 2022, Mr. Dibee filed a Motion to Compel Discovery. ECF No. 450. The Court heard oral argument on the motion at a hearing held on September

21, 2022. ECF No. 466. At the hearing, the Court orally denied the motion and this Opinion and Order serves to memorialize that ruling.

## DISCUSSION

### A. Discovery under *Brady* and Rule 16

The parties are in general agreement as to the legal standards governing this motion. "There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). However, criminal defendants are entitled to pursue discovery under Federal Rule of Criminal Procedure 16 and under *Brady v. Maryland*, 373 U.S. 83 (1963).

Under *Brady*, "prosecutors are constitutionally obligated to disclose 'evidence favorable to an accused . . . [that] is material either to guilt or to punishment.'" *Amando v. Gonzalez*, 758 F.3d 1119, 1133 (9th Cir. 2014) (alterations in original) (quoting *Brady*, 373 U.S. at 87). The government has a "broad obligation" to disclose information under *Brady* and "the prosecution is required to provide material, favorable information even where the defendant does not make a *Brady* request." *Id.* at 1134 (internal quotation marks and citations omitted). If a defendant requests specific evidence under *Brady*, "he must show that the evidence is material." *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004). "The test for materiality is whether the requested evidence might affect the outcome of the trial." *Id.*; *see also Strickler v. Greene*, 527 U.S. 263, 280 (1999) (holding that "evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." (internal quotation marks

and citation omitted)). However, a court "need not make such documents available based on mere speculation about materials in the government's files." *United States v. Stinson*, 647 F.3d 1196, 1208 (9th Cir. 2011) (internal quotation marks and citation omitted). In this case, the Government agrees that the obligations of *Brady* apply to evidence that is material to punishment, Def. Resp. 5, and the Court concludes that Mr. Dibee is not precluded from seeking *Brady* materials after the entry of his plea.

"Federal Rule of Criminal Procedure 16 grants criminal defendants a broad right to discovery." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). As relevant to this motion, Rule 16(a)(1)(E) provides that, upon a defendant's request, a defendant is entitled to discovery of documents and tangible things in the government's possession, custody, or control if "the item is material to preparing the defense," or if the government intends to use the item in its case-in-chief at trial, or if the item was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E). "Information is in the possession of the government if the prosecutor has knowledge of and access to the documents sought by the defendant." *Stever*, 603 F.3d at 752 (internal quotation marks and citation omitted).

"A defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *Stever*, 603 F.3d at 752 (internal quotation marks and citation omitted). "Materiality is a low threshold" and information "is material even if it simply causes a defendant to completely abandon a planned defense and take an entirely different path." *United States v. Hernandez-Meza*, 720

F.3d 760, 768 (9th Cir. 2013) (internal quotation marks and citation omitted). However, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice." *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (internal quotation marks and citation omitted). This includes a "requirement of specific facts, beyond allegations, relating to materiality," and a defendant may not rely on "conclusory allegations without grounding in fact." *Id.* at 894-95 (internal quotation marks and citation omitted). "The requested information need not be admissible in evidence in order to be discoverable." *United States v. Heine*, 314 F.R.D. 498, 501 (D. Or. 2016).

Ordinarily, discovery under Rule 16 is considered in the context of the preparation of defenses or for trial, rather than after the entry of a guilty plea and in preparation for sentencing. The Sixth Circuit has held that Rule 16 "applies only to shield claims that refute the Government's arguments that the defendant committed the crime charged," and that "[r]equests for discovery fall outside the scope of this provision if a defendant is not seeking the discovery to aid in the preparation of his defense, but is attempting to obtain the discovery for the purpose of gathering materials to support various sentencing arguments." *United States v. Pirosko*, 787 F.3d 358, 367-68 (6th Cir. 2015) (internal quotation marks and citation omitted). "The Ninth Circuit has yet to address whether the clause 'preparing the defense' as used [in Rule 16(a)(1)(E)] means defendant may rely on Rule 16 in seeking post-plea discovery." *United States v. Kratzberg*, No. 2:18-CR-262-KJM, 2021 WL 4147313, at *1 (E.D. Cal. Sept. 13, 2021). There is a division of opinion among the district courts

of this Circuit. *Compare United States v. Worthing*, Case No. 12-cr-00300-CRB-1, 2018 WL 10322025, at *1 (N.D. Cal. Mar. 2, 2018) (following the reasoning of *Pirosko* in denying a discovery motion under Rule 16 seeking material for sentencing purposes) *with United States v. Daniel*, No. 2:19-cr-00107-KJM, 2021 WL 2808706, at *6-7 (E.D. Cal. July 6, 2021) (holding that there is a right to discovery under Rule 16 at the very least in death penalty cases). Here, the Court is disinclined to entirely rule out the possibility of post-plea discovery under Rule 16(a)(1)(E), but it is not necessary for the Court to resolve that issue because, for the reasons discussed below, Mr. Dibee's motion would be denied even if he was permitted to pursue discovery under Rule 16.

### B. Defendant's Specific Requests

At the hearing, the Court considered each specific request in turns and resolved them as follows:

**1. "A complete accounting of all money or other benefits the government provided to all cooperating defendants and informants involved in this investigation."**

The Government indicates that it does not intend to produce additional information in response to this request because no cooperating defendants or informants will be called to testify and so it is not material for purposes of sentencing. The Court agrees and concludes that material sought by this request is not material to sentencing.

2. **"All information about warrantless interception of electronic communications involving Mr. Dibee or his alleged co-conspirators including whether either was used to obtain a warrant from the FISA Court."**

The Government responded in writing and reiterated at the hearing that no such information exists. As such, the Court denies the request.

3. **"All communications between the United States and Cuba regarding Mr. Dibee's arrest in Cuba, his detention there, and his return to the United States after an arrest warrant was served on him by the United States in Cuba."**

The Government represents that it has produced information responsive to this request and will not produce additional materials that may be in the possession of the Office of International Affairs or the State Department. The Court concludes that this request is not material to sentencing and so denies the request.

4. **"Video taken by US Government personnel before and during the service of an arrest warrant on Mr. Dibee in Havana, Cuba."**

The Government affirms that no such video exists and, to the extent that Cuban officials may have taken video, the Government does not have access to it. The Court denies the request.

5. **"Disclosure of monies paid by the United States to Cuba related to Mr. Dibee."**

The Government affirms that no such information exists and so the Court will deny the request.

6. **"Aircraft registration number of the jet utilized to transfer Mr. Dibee from Cuba to the United States."**

The Government affirms that it has produced the flight log and other documents related to the flight and that the information is not material to sentencing. The Court concurs and denies the request.

7. **"Flight plan filed in connection with the international roundtrip flight from the United States to Cuba transferring Mr. Dibee back to the United States."**

The Government affirms that it has produced the flight log and other documents related to the flight and that the information is not material to sentencing. The Court concurs and denies the request.

8. **"The identity of the federal agency employing the personnel onboard the aircraft when Mr. Dibee was brought back to the United States from Cuba. All names of the personnel involved."**

The Government affirms that it has produced the flight log and other documents related to the flight and that the information is not material to sentencing. The Court concurs and denies the request.

9. **"The identity of the federal agency and the names of the American agents who conducted Mr. Dibee's immigration inspection and interrogation in San Salvador, El Salvador."**

The Government affirms that the requested information does not exist. In addition, the Court concludes that the information would not be material to sentencing. The request is denied.

10. **"Any documents that relate to establishing an American presence at the airport in San Salvador, El Salvador including any documents containing information relating to Mr. Dibee. Mr. Dibee requests the source and author of the PowerPoint at DIBEE_0000034-0000046."**

The Government affirms that it has previously produced materials showing that the PowerPoint in question was authored by El Salvadoran officials and that the other requested information does not exist. The Court denies this request.

11. **"All correspondence between the Office of International Operations and the Legal Attaché relating to Mr. Dibee's attorney's contacts with the United States."**

The Government has produced documents responsive to this request and will not produce additional material because it is not in the possession, custody, or control of the prosecution and is not material for sentencing. The Court concurs and denies the request.

12. **"All correspondence between the United State and any law enforcement agency in Finland regarding information provided by Mr. Dibee."**

The Government has produced documents responsive to this request and will not produce additional material because it is not in the possession, custody, or control

of the prosecution and is not material for sentencing. The Court concurs and denies the request.

13. **"A copy of the FBI's 10 most wanted list showing Mr. Dibee."**

The Government responds that Mr. Dibee was never on the FBI's Ten Most Wanted List and that the history of individuals appearing on that list is available on the FBI's public website. Mr. Dibee previously appeared on a list of wanted terrorists, however, and Government has produced a copy of Mr. Dibee's wanted poster from that list. The Court therefore denies this request.

## CONCLUSION

For the reasons discussed at the hearing and as set forth above, Defendant's Motion to Compel Discovery, ECF No. 450, is DENIED.

It is so ORDERED and DATED this <u>23rd</u> day of September 2022.

<u>       /s/Ann Aiken       </u><br>
Ann Aiken<br>
United States District Judge