MATTHEW SCHINDLER, OSB# 964190
1500 SW 11th Ave Unit 2101
Portland, OR 97201
Phone: (503) 928-2548
E-mail: mas@schindlerdefends.com

ATTORNEY FOR DEFENDANT JOSEPH DIBEE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JOSEPH DIBEE,<br><br>Defendant(s). | Case No. 6:06-cr-60011-AA-1<br><br>**MOTION TO MODIFY CONDITIONS OF SUPEVISED RELEASE (ORAL ARGUMENT REQUESTED)** |

Joseph Dibee, through counsel, Matthew Schindler, moves the Court to modify the conditions of his supervised release as follows:[1]

- Condition #3: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

Mr. Dibee has the ongoing need to travel to both Alaska and Oregon for purposes related to the manufacture of ocean buoys. The precision

---

[1] Mr. Dibee has conferred with the government who has conferred with probation. The government takes the position of probation which requests the conditions remain in place.

Page 1 – MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE (ORAL ARGUMENT REQUESTED)

machining firm they are using is in Portland and the kelp project is in Alaska. Frequent travel to both places is required.

The condition is not necessary given his complete compliance on pretrial release and since his sentencing. Mr. Dibee has encountered situations where travel is required and because of the officer's exigencies providing the permission is delayed. Mr. Dibee believes the manner in which the Court handled this issue pretrial will suffice now: Mr. Dibee will notify probation of intended travel but is not otherwise required to obtain permission before travel occurs.

- Condition 8: If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Unfortunately, it is likely that many of the people that Mr. Dibee interacts with in the native community will have criminal histories. It would be both awkward and inappropriate for Mr. Dibee to inquire of everyone he meets if they are felons. Probation has offered officer safety concerns as justification for this and explained that passing contact does not trigger this condition. Undoubtedly, there are situations where officer safety would be an important concern and support such a condition. This is not it. Mr. Dibee is not a gang member. An associational restriction is unnecessary.

- Condition #10: You must not knowingly enter any Bureau of Land Management property, any U.S. Forest Service property, or any federal government property, without first obtaining the permission of the probation officer.

Because the kelp project is in a remote part of southwestern Alaska, Mr. Dibee has to cross over federal lands and waters for the kelp project. There is no other way to get there. Mr. Dibee and his family have recreated on federal public land since he was a child. As it stands, Mr. Dibee was instructed by probation that he cannot go to the Post Office to get a receipt for mailing his taxes.

Mr. Dibee is clearly not a threat to federal property. The two incidents of vandalism underlying this case and involving federal property occurred more than 25 years ago. Nothing since then indicates that Mr. Dibee would ever be involved in such vandalism and property destruction again. Throughout Mr. Dibee's pretrial release, he travelled to federal public lands numerous times without prior permission and there were no issues. This condition is unnecessary and should be removed.

Respectfully submitted on January 12, 2023.

*s/Matthew Schindler*
Matthew A. Schindler, OSB#964190
Attorney for Joseph Dibee